# H. A. Mardorf, Plff. in Err., *v.* Mary Hemp.

Section 7 of the act of April 12, 1875, allowing the husband, wife, parent, guardian, or child, of a person who has the habit of drinking intoxicating liquors to excess, to recover damages for the sale of intoxicating liquors to such person, applies to Allegheny county; and it is not inapplicable thereto by reason of the local and special act of April 3, 1872.

The provisions of said 7th section are not inconsistent with those of the 25th section of the local act of 1872; the remedies provided by those sections can stand as concurrent and cumulative; the offender is liable to an indictment by the commonwealth and to a civil suit by the party injured.

The 7th section is a general restraint on, and regulation of, the sale of intoxicating liquors throughout the state, regardless of license or manner of licensing.

The act seems to require the court to assess the amount of damages; and it is not in violation of the Constitution of this commonwealth.

(Argued October 29, 1886.    Decided November 15, 1886.)

October Term 1886, No. 99, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.    Error to the Common Pleas No. 2 of Allegheny County to review a judgment on a verdict for plaintiff in an action under section 7 of the act of April 12, 1875.    Affirmed.

The case was tried in the court below before EWING, P. J.

The facts are fully stated in the charge, and in the opinion delivered after hearing of motion in arrest of judgment and for a new trial.

The court charged the jury as follows:

The discussion in this case has taken a pretty wide range. The acts of assembly regulating the traffic in intoxicating liquors are not the basis of the legality of its sale, as very many seem to think and assert.    Outside of any law it would be a legal traffic. Our laws are merely restrictive; they take what they find and what has been the fact for ages, namely, that it is a legal traffic;

Cited in Wishart v. Newell, 18 Pittsb. L. J. N. S. 72, 4 Pa. Co. Ct. 141.

NOTE.—A justice of the peace has no power to assess damages under this act.    Irvine v. Henry, 2 Pa. Co. Ct. 336.

and the legislature, realizing the great dangers and the injuries liable to result from it if not regulated, has very properly laid restrictions upon it. As one of the necessary means of restricting it, it is made to some extent a monopoly; that is, only a few men can engage in it, and they must pay a license and come under the regulations laid down by the acts of assembly. Those are numerous, and there are many who take out their license and obey them. Unfortunately there are not a few who, when they have taken out their license and obtained this advantage of being allowed to sell, seem to think that the restrictions which they have sworn to obey are to be entirely disregarded.

The saloon keeper who sells liquor to a man visibly intoxicated is guilty of a criminal offense; the saloon keeper who sells to a minor is guilty of a criminal offense; and under our acts of assembly—both the general act and the act applicable to Allegheny county, or special act—if the defendant sold to Hemp when he was visibly intoxicated or when he knew that he was a habitual drunkard, even without notice, he was guilty of a criminal offense; and if after notice by Hemp's wife he sold to him, he was liable to a criminal prosecution on behalf of the state, and liable to a penalty of six months' imprisonment and a fine.

[Perhaps if the constable had fully performed his duty he would have made a criminal information in this case, and the defendant would have been subject to that penalty.] It did not seem to have been attended to, and the limitation is past, so that he is free from that. The act of assembly of 1875, passed after our special act, in addition to the criminal offense, gave the wife a right to bring a civil suit and recover for the injury done her, where the husband is in the habit of drinking intoxicating liquors to excess. This is in addition to the criminal offense that the commonwealth can prosecute for, in which the wife would not be interested, and where she would get nothing.

Now, if you believe the uncontradicted testimony, this defendant has been keeping a saloon or tavern in Springdale township for some three or four years, and on the 24th of October, 1884, Mrs. Hemp gave a written notice, through the constable, to him not to sell to her husband. If you believe the testimony, he asserted at the time that he would sell, and Hemp could get liquor whenever he pleased; and if you believe the uncontradicted testimony, he continued to sell.

In regard to whether or not Hemp was a person who had the

habit of drinking intoxicating liquor to excess, you have the testimony of the wife that, prior to the time that Mr. Mardorf started his tavern there, he was not in the habit of drinking to excess,—occasionally took a drink,—but was a sober man, attended to his business as a teamster, made good wages, worked steadily, and gave his money for the support of his family. Some three months after the defendant opened his saloon, Hemp began to go to it; and soon the habit grew upon him until it became so that he neglected his business, squandered what earnings he did make, and Mrs. Hemp was compelled to support herself and family and submit to gross abuse from her husband. She gave verbal notice to Mr. Mardorf and then sent this formal notice, a neglect of which subjected him to prosecution as a criminal and subjected him to the penalty of this provision of the act.     Other witnesses testified substantially to the same thing.     Even the witnesses called by the defendant say that latterly Hemp was very frequently drunk.

Now, if you believe this uncontradicted testimony, there can be but the one verdict as to the question of whether the defendant is guilty or not.     If you do not believe it, as you have a right to, you will find for the defendant; if you believe it, you will find for the plaintiff.     And, while we have some doubt as to whether the jury or the court has to fix the amount, we propose to leave it to the jury, and ask you to name the amount, if you find for the plaintiff.     It shall not be less than $50 nor more than $500; and of course the limit is given in order that the circumstances surrounding the case may be taken into consideration in determining the amount to be paid.     If there be mitigating circumstances, they ought to be taken into consideration; if there be aggravating circumstances, they ought to be taken into consideration.

[If there is a mitigating circumstance in this case, I have failed to discover it in the testimony.]   This man locates, with his saloon, in a neighborhood where an industrious man lives owning a team, earning good wages, and taking care of his family.   He takes him to his saloon.   He keeps him there.   He furnishes him liquor time after time, when he must have known that he was squandering his earnings, was failing to support his family, and was failing to attend to his business.   He neglects notice after notice not to sell to him, and lets him go on, regardless of the suffering that is being caused, and does it

simply for the petty gains that he makes by selling his liquor over the bar. [In actual injury to the community or to the family, the common thief is not as bad as the man who sells intoxicating liquor over his bar to a husband who is habitually addicted to its use to excess] when he knows that he is abusing or neglecting his family, or neglecting his business.

An honest man will stop, law or no law. It ought not to require an act of assembly to teach a man that when he gives liquor to another in that condition, under those circumstances, he is violating all moral obligations, and that he is a bad man in the community. [As I say, in this case, if there is a mitigating circumstance, I am unable to see it.] We leave to the jury to say whether or not the defendant is guilty; and if so, what are the damages. [If the court had to fix the damages, it would be very close to the maximum line, if not entirely so.]

Defendant moved in arrest of judgment and for a new trial; upon the hearing of which motion the court delivered the following opinion:

This action is brought by Mary Hemp to recover damages from the defendant, a saloon keeper, for selling liquor to her husband, who was in the habit of drinking intoxicating liquor to excess, after he had been served with a written notice not to do so.

The action is based on the 7th section of the act of assembly approved April 12, 1875 (P. L. p. 41), entitled, "An Act to Repeal an Act to Permit the Voters of This Commonwealth to Vote Every Three Years on the Question of Granting Licenses to Sell Intoxicating Liquors, and to Restrain and Regulate the Same."

Section 7 of the act is as follows: "The husband, wife, parent, child, or guardian of any person who has or may hereafter have the habit of drinking intoxicating liquor to excess, may give notice in writing, signed by him or her, to any person, not to sell or deliver intoxicating liquor to the person having such habit; if the person so notified, at any time within twelve months after such notice, sells or delivers any such liquor to the person having such habit, the person giving the notice may in an action of tort recover of the person notified any sum, not less than $50 and not more than $500, as may be assessed by the court or judge as damages.

"A married woman may bring such action in her own name, notwithstanding her coverture; and all damages recovered by her shall go to her separate use."

It is conceded that the testimony fully sustained the declaration in all particulars.

The contention of defendant is that this act of 1875 and no part of it applies to Allegheny county, by reason of the local and special act of April 3, 1872 (P. L. p. 843), which provided a complete system for the regulation of the sale of liquor in Allegheny county.

It is not now an open question that the general act of 1875 did not repeal the local act of 1872. If § 7 of the act of 1875 above quoted is inconsistent with the provisions of the local act, then it is not the law governing Allegheny county.

The 25th section of the local act provides that "no person thus licensed shall, against the written request of any wife, husband, parent, child, brother, or sister, sell, give away, or dispose of any vinous, spirituous, malt, or brewed liquors to the husband of any such wife, the wife of any such husband, . . . under penalty of a fine not exceeding $100, and imprisonment in the county workhouse for a term not exceeding six calendar months, at the discretion of the court having jurisdiction of the offense."

It is contended by defendant's counsel that where such person knowingly incurred the liability to this penalty, if he were indicted and convicted, he did not incur any other or further liability.

A public remedy by indictment for the offense against the state, concurrent with a civil remedy for the private injury, is so familiar in practice that examples need not be cited.

The provisions of the 7th section of the act of 1875 are not inconsistent with those of the 25th section of the local act of 1872. The remedies can stand as concurrent and cumulative. If this section of the latter act had been incorporated in the former act, it cannot be doubted that both would stand. The offender would be liable to an indictment by the commonwealth and to a civil suit by the party injured. There can be no doubt of the right of the legislature to add to the regulating provisions of the act. On April 12, 1875, was also approved a general act, to prevent the sale of liquor, etc., at soldiers' encampments. (P. L. p. 48.)

This act does not repeal the local act of 1872, but there is no doubt that it is general over the state, including Allegheny county. Had this 7th section of the act of 1875, to restrain and regulate the sale of intoxicating liquors, been the only section of the act, it is very clear that the act would not have been held inapplicable to Allegheny county, but to be an addition to the regulations of the local act, because not inconsistent therewith.

The title of the act is general. The 2d section of the act provides for licenses for the sale of liquor "when not otherwise provided by special law." The 7th section has no relation to license; it applies to all persons "selling or delivering liquors." It is a general restraint on and regulation of the sale of intoxicating liquors throughout the state, regardless of license or manner of licensing.

We are of the opinion that the action is maintainable for the violation of the act of assembly in Allegheny county.

This precisely similar section was passed on in 1 Tex. 455, in accordance with these views. See also Potter's Dwarr. Stat. p. 155, note.

No prosecution for the public offense has been instituted against the defendant, and the limitation in the act has now barred such prosecution.

As to the reasons for a motion for a new trial, we have nothing to take away from the verbal charge thus delivered. We animadverted on the defendant's conduct because we thought the testimony and the occasion demanded it. If there were any mitigating circumstances in favor of the defendant, the evidence failed to disclose them. If any case of the kind calls for the full amount allowed by the statute, this would appear to be one of them. The amount is an inadequate compensation for the injury wantonly and illegally committed.

At the trial we were in doubt as to whether the jury should return a verdict of guilty or not guilty, simply leaving the court to assess the damages, or that they should assess the amount. The jury was instructed to and did assess the damages, finding the defendant guilty as set forth in the declaration, and assessing damages at $500. The act seems to require the court to assess the amount of damages, which we now do, fixing the amount at $500, the same amount as fixed by the jury.

And now, April 17, 1886, after argument and after consideration, the motion in arrest of judgment is overruled, a new trial

is refused, and the court assesses the damages of the plaintiff at
the sum of $500, and directs that, upon payment of the verdict
fee, judgment be entered in favor of the plaintiff against the
defendant, for the sum of $500 and the costs of the suit.

Judgment was entered for plaintiff; and defendant took this
writ, assigning as error the action of the court: (1) In holding
that the declaration in this case, being drawn under and in
the words of § 7, act of April 12, 1875, sets forth a good cause
of action; (2) in not holding § 7, act of April 12, 1875, to be
unconstitutional, as being in violation of article 1, § 6, of the
Constitution of this commonwealth, guaranteeing the right of
trial by jury; (3) in not holding § 7, act of April 12, 1875, to
be unconstitutional, as being in violation of article 3, § 21, of
the Constitution of this commonwealth, prohibiting the limita-
tion of the amount of damages recoverable in suits brought for
the same; (4) in holding § 7, act of April 12, 1875, to be in
force in Allegheny county; and (5) the portions of the charge
inclosed in brackets, as prejudicial to the minds of the jury and
preventive of an impartial deliverance of their verdict.

*Josiah Cohen* and *A. Israel,* for plaintiff in error.—The act
of April 12, 1875, is unconstitutional, because it is in violation
of art. 1, § 6, of the Constitution of this commonwealth, guaran-
teeing the right of trial by jury in civil cases of this kind as to
fixing the amount of damages, which should be determined in
their verdict by the jury, and not by the judge, as provided for
in this act.

The act is also unconstitutional, for the reason that it is in
contravention to art. 3, § 21, which provides that "no act of
general assembly shall limit the amount to be recovered for
injuries to persons or property."

It was held in Com. v. McCallin, 10 W. N. C. 520, and Kil-
gore v. Com. 94 Pa. 495, that the act of 1875 did not repeal the
liquor law then existing in the county of Allegheny.

At the time of the passage of the act of April 12, 1875, the
county of Allegheny had a complete system of liquor laws then
in force, including the subject-matter in this suit, and § 7 of
the act of 1875 does not apply to that county.   Section 25 of
the act of April 3, 1872, provided a criminal remedy for selling
liquors to persons drinking liquors to excess, and §§ 2 and 3 of
the act of May 8, 1854, provided a civil remedy in such cases.

It has been held that the act of April, 12, 1875, did not repeal

any former statute, unless such former statute was irreconcilably inconsistent with the act of April 12, 1875, and so manifestly and totally repugnant as to lead necessarily to the conclusion that the latter statute did not repeal the former. Sifred v. Com. 15 W. N. C. 373.

It was in that case held that the act of April 12, 1875, which prohibits the sale of liquor upon Sunday and provides a penalty by fine, does not repeal the act of February 26, 1855, which prohibits the sale of liquor on Sunday, and provides penalty by fine and imprisonment. It was also held in that case that the act of April 12, 1875, does not repeal the act of May 8, 1854, concerning sale of liquors to intemperate persons, nor the act of February 26, 1855, concerning the sale of liquor on Sunday, nor the act of March 13, 1872, concerning the sale of liquor on election days. The act of April 12, 1875, not repealing in whole or in part the liquor law as existing in Allegheny county at the date of its passage (Com. v. McCallin, 10 W. N. C. 520; Kilgore v. Com. 94 Pa. 495), and not repealing the act of May 8, 1854 (Sifred v. Com. 15 W. N. C. 373), there is no reason for holding that the act of 1875 in this particular regard does apply to Allegheny county, where a complete system of laws, covering the case of sale to intemperate persons, already exists and is provided by said acts of 1872 and 1854.

It may be contended that the act of May 8, 1854 (providing a civil remedy for selling liquors after notice not to do so), was repealed by the act of April 3, 1872, and was therefore not in force in Allegheny county at time of the passage of the act of 1875.

Upon first view this position seems to be sustained by the case of Com. use of McClure v. Gedikoh, 101 Pa. 354, but a closer examination of that case will disclose that a criminal remedy for selling on Sunday had been provided in act of 1855 and also 1872, and the question in that case was, Did the act of 1872 repeal a former statute legislating in like manner upon the same subject? It was very properly held that the repealing clause of the act of 1872 embraces a former act which legislates very differently upon the same subject. The case of Com. use of McClure v. Gedikoh does not decide this question, for it did not arise.

*R. A. Kennedy* and *John Marron,* for defendant in error.—
Those statutes which assume to regulate only and to prohibit

sales (of intoxicating liquors) by other persons than those who should be licensed by the public authorities have not suggested any serious questions of constitutional power. They are but the ordinary police regulations, such as the state may make in respect to all classes of trade. Cooley, Const. Lim. 725.

Trial by jury is the right to have controverted questions of fact in common-law cases decided by the jury. North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530.

Of what kin is a penal action to cases at common law?

The act of March 13, 1862, for the arrest and summary conviction of professional thieves, is a police regulation, and does not violate the constitutional provision relative to trial by jury. Byers v. Com. 42 Pa. 89.

The party who wishes us to pronounce a law unconstitutional takes upon himself the burden of proving beyond all doubt that it is so. 26 Pa. 287.

If the act itself is within the scope of legislative authority it must stand, and we are bound to make it stand, if it will, on any intendment. 36 Pa. 164; Com. v. Clapp, 5 Gray, 97.

Statutes that are unconstitutional in part will be upheld in so far as the allowed and prohibited parts are severable. Keokuk N. L. Packet Co. v. Keokuk, 95 U. S. 80, 24 L. ed. 377.

The unconstitutional part must be cut away, if the life of the law can be saved. 7 Cal. 103; Com. v. Kimball, 24 Pick. 359, 50 Am. Dec. 326; Com. v. Hitchings, 5 Gray, 482; 30 Pa. 9; 7 Pet. 963, 8 L. ed.; 2 McLean, 195.

The act of 1872 is local to Allegheny county. The act of 1875 is general to the state. They provide large systems of regulation and penal restraint. The act of 1875 nowhere in any of its provisions exempts any county or locality in the state from its operation, save in § 2, providing for the issue of licenses, when not otherwise provided for by law.

The 7th section has no relation to licenses. It is a restraint upon the sale or delivery of liquors in the manner described in the section. It gives a right of action not given by the act of 1872 or any previous law. Laws regarding revenue may be local, but penal laws rarely are. It would be as easy to take Allegheny county out of the geography of the state as to take it by the torture of words out of the provisions of § 7 of the act of 1875. This assignment is answered in the opinion of the court below refusing a new trial.

PER CURIAM:

The charge of the learned judge of the court below so thoroughly disposes of the law in this case that we feel ourselves unable to add anything material thereto.

The judgment is affirmed.